RAPHAEL A. CARRETTA, as Sole Surviving Executor, etc., of VINCENT CORTESI, Deceased, Respondent, v. JAMES CIARCIA and JAMES CIARCIA, INC., Appellants. — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.

LOUIS A. CERF and CHARLES HERNSHEIM, as Committee of the Person and Property of FRANK ISIDORE HERNSHEIM, Respondents, v. MORRIS GLICK, INC., Appellant, and Others, Defendants.— Judgment reversed on the law and the facts, with costs, and judgment directed permitting appellant to redeem upon payment to plaintiffs of the sum of $10,000 now on deposit in the office of the clerk of the county of Kings, with costs to appellant. Appellant made several tenders. The first, made on October 30, 1931, was rejected not because of its form evidently, but because it was impossible to obtain the signature of one of the plaintiffs to the assignment, as he was at that time sojourning in Europe. Two other tenders were made shortly thereafter and were rejected for the same reason. On December 3, 1931, having been informed that the assignment was then ready, the appellant, through its representative, made a tender by certified check, and this was rejected because it did not include interest from November 1 to December 3, 1931, the date of the last tender. To decree foreclosure because of the failure to include this interest was, we think, highly technical and not warranted by the circumstances. Finding of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Scudder, J., not voting. Settle order on notice.

· MARY CIAIO, Appellant, v. CITY OF NEW ROCHELLE and Others, Respondents. JAMES CIAIO, Appellant, v. CITY OF NEW ROCHELLE and Others, Respondents.— Order of the County Court of Westchester county affirming judgments of the City Court of New Rochelle reversed on the law, judgments vacated and a new trial granted, costs to appellants to abide the event. As against the defendant city the plaintiffs made a *prima facie* case of negligence, and that it was not more complete in its character was due to the exclusion of competent evidence regarding the location and character of the hole in the sidewalk which caused the fall of the plaintiff, Mary Ciaio. As to the individual defendants, there should likewise be a new trial, for the plaintiffs did not have a fair opportunity on the trial to develop their proof concerning the length of the period this hole existed, its nature, and whether the owner and occupants had notice of the condition or were given any notice by the city to make the repairs they were obligated to make by the terms of section 456 of the city charter.■ The provisions of the charter in sections 281–287 respecting the duty of the city to make repairs to the sidewalk are obscure and ambiguous and somewhat inconsistent with the provisions of section 456. Therefore, the question of ultimate liability of these defendants is reserved until the plaintiffs have an opportunity to make full proof. Lazansky, P. J., Hagarty and Davis, JJ., concur; Kapper and Carswell, JJ., concur as to defendant city of New Rochelle but dissent as to defendants property owner and occupants, as to whom they vote to affirm.